59 N.J. Super. 324 (1960)
157 A.2d 728
NATHAN ASBELL, MILTON ASBELL AND JOSEPH ASBELL, PLAINTIFFS-APPELLANTS,
v.
PEARL ASSURANCE COMPANY, LTD., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1960.
Decided February 1, 1960.
*326 Before Judges GOLDMANN, CONFORD and FREUND.
Mr. Sidney P. McCord, Jr., argued the cause for plaintiffs-appellants (Mr. Joseph Asbell and Messrs. Starr, Summerill and Davis, attorneys).
Mr. William G. Bischoff argued the cause for defendant-respondent (Messrs. Taylor, Bischoff and Neutze, attorneys).
The opinion of the court was delivered by CONFORD, J.A.D.
Plaintiffs sued on two fire policies for losses resulting from two separate fires to a small, unoccupied store building in Camden, one on August 27, 1957 and the other on September 12, 1957. Judge Wick, sitting in the Law Division without a jury, allowed a recovery of $3,000 in respect to the first loss but denied the claim for the second on the ground that there had been an increase of the hazard within the scope of an exclusion clause in the policies. Plaintiffs appealed, and defendant cross-appealed, the consequent judgment, but the latter appeal has been abandoned.
The proviso of the policy invoked by the trial court for its ruling is clause (a) of the paragraph which reads as follows:
"Unless otherwise provided in writing added hereto this company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured; or (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied for a period of sixty consecutive days * * *."
The inclusion and language of this provision in fire policies is specified by statute. N.J.S.A. 17:36-5.20; and see Goldman v. Piedmont Fire Ins. Co., 198 F.2d 712, 715 (3 Cir. 1952). In disallowing recovery for the second fire *327 loss the trial court acted upon the following factual showing. The premises consisted of an 11-foot-wide, two-story structure with only the ground floor usable, situated in an economically depressed area and vacant for some time when the fires occurred. Two or three days after the August fire plaintiffs sent a building contractor to board up the store in order to prevent ingress and to clean out debris. The doors and windows had been broken by the firemen in extinguishing the fire. The contractor testified to having removed some of the debris and having boarded and secured the windows and doors with plywood. Considerable debris was left unremoved, however. Plaintiffs conceded that they had not inspected the premises in order to ascertain whether or not the job was done as directed. The fire chief, who was present at the second fire, denied that the doors at that time were boarded and said they were covered only with the tar paper affixed by the firemen after the first fire. This testimony was corroborated by an insurance adjuster who visited the premises about 10 days after the first fire and found no boarding of the doors. There was also evidence to indicate that vagrants had been in the structure and made fires there in a five-gallon can before the first fire.
Plaintiffs' first appellate contention is that the action of the trial court was, in effect, to deny them recovery because of the unoccupied condition of the building; that by separate indorsement, clause (b) of the proviso quoted above had been waived by the defendant and that therefore suspension of the policy on the ostensible ground of increased hazard violated the bargained-for deletion of the 60-day vacancy clause. We do not agree. The defendant relied upon something more than mere vacancy or unoccupancy, as such, in defending on the basis of the increase of hazard clause. Leaving a structure open to the incursions of vagrants, Goldman v. Piedmont Fire Ins. Co., supra (198 F.2d, at p. 714), and failing to clean up combustible debris remaining after a prior fire with reasonable dispatch, after actual or constructive knowledge of such conditions, constitute an increase *328 of the fire hazard, separate and apart from such increase of hazard as may inhere in a 60-day vacancy per se. Cancellation of the stipulation as to the latter contingency did not abate the operation of the increase of hazard clause as to circumstances actually augmenting the hazard and distinct from the fact of vacancy in itself.
Plaintiffs place further reliance on the provision of the policies which states: "Any loss hereunder shall not reduce the amount of this policy." It is contended that since the first fire was a "loss" under the policy, any attribution of an increase of hazard to the existence of conditions in the property caused by the fire must in effect nullify the clause quoted, contrary to the intent of the parties. This is entirely without substance. The clause relied upon has no relevant relationship whatever to the subject matter of the increased hazard adjudicated by Judge Wick.
Next plaintiffs argue that the alleged failure to board up the property and remove debris has legal significance only to the extent that it may be considered a violation of the policy provision to the effect that:
"This Company shall not be liable for loss by fire * * * caused, directly or indirectly, by * * * (i) neglect of the insured to use all reasonable means to save and preserve the property at or after a loss * * *."
It is consequently argued that it is not here shown that the second fire was actually caused by any failure by plaintiffs to take steps to save the property after the first loss. The quoted clause, in our view, is intended to apply only as a limitation upon claims for losses argued to have resulted from the fire giving rise to the subject claim, not as a qualification upon the obligation of the owner to refrain from permitting an increase of hazard, whether or not such increased hazard arises from conditions following in the wake of a previous fire not the subject of the claim being litigated. Therefore the point made is without merit.
Plaintiffs argue that, in any case, a fair construction of the increase of hazard clause requires that where it is *329 contended that such increased hazard is constituted by failure to remedy the sequelae of a previous fire the owner must be allowed a reasonable time for that purpose  and that it is not shown that a reasonable time therefor had elapsed between the two fires here involved. It has been held that the increase of hazard clause comes into effect when the owner can be found to have had control or knowledge of the situation or "upon circumstances which, by the exercise of ordinary care and diligence, would result in such knowledge." Krieg v. Phoenix Insurance Co., 116 N.J.L. 467, 474 (E. & A. 1936). It would be fair to qualify that statement of the rule to allow the assured a reasonable time after such actual or constructive knowledge to eliminate the hazard. But the determination of what is a reasonable time for this purpose must be made in the light of the fact that the existence of an increased hazard entails a continuing threat of loss by fire beyond the degree of the risk presumably contemplated by the insurer when issuing the policy, and therefore the duty of abatement of the increased hazard by the assured to avoid suspension of the policy is one of abatement with all reasonable dispatch. See the Goldman case, supra, requiring that the insured "promptly take the steps open to him to abate the hazard * * *" (198 F.2d, at p. 715).
While Judge Wick made no express finding of failure of the plaintiffs to attend to the extra-hazardous situation reasonably promptly, this is implicit in his oral conclusions as we read them. In order to leave no question as to the determination of that issue, however, we do herewith, in the exercise of our original fact-finding jurisdiction, and in the interests of a final and just determination of this litigation, find from the evidence that plaintiffs failed with all reasonable dispatch after knowledge of the conditions of increased hazard following the first fire to eliminate them, thereby suspending the operation of the policies under the proviso quoted.
Judgment affirmed.